IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES T. WINSTON, AIS # 303484,         :

    Plaintiff,                                         :

vs.                                                          :        CIVIL ACTION 15-0502-CG-N

ANTHONY BROWN, et al.,                    :

    Defendants.                                    :

REPORT AND RECOMMENDATION

Plaintiff James T. Winston, a Baldwin County Sheriff's Corrections Center (BCSCC) inmate proceeding pro se and in forma pauperis, filed a complaint under 42 U.S.C. § 1983.[1]  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) failure to state a claim upon which relief may be granted.

**I.  Complaint.**  (Doc. 1).

Winston alleges that the following BCSCC personnel are defendants to this action: Anthony Brown, private; Troy Norden, corporal; Calvin Means, lieutenant; Officer Shambo, private; and Joshua McCants, private.  (Doc. 1 at 5-6, 7).  Winston maintains that while at BCSCC, on March 25, 2015 at 9:00 a.m., when he was facedown on the floor with his hands above his head, defendant Brown came into his cell and started spraying him with pepper spray.  (Doc. 1 at 4).

---

[1] Since filing the complaint, Winston has been transferred to St. Clair Correctional

Based on these facts, Winston asserts claims against defendant Brown for "assault, physical injury, physical force, pain & suffering, criminal neg., 8th amendment violation, miscellaneous, 13A-1-2(5)(6)(7)(12)(14)." (Id. at 5). He also alleges that defendant Means told defendant Brown to spray him. (Id. at 6). Defendant Norden is alleged to have "supported the activity." (Id. at 5). Defendant Shambo is claimed to have filmed the incident. (Id. at 7). And the only factual information lodged against defendant McCants is "film, his personal statement on March 25, 2015." (Id.).

With respect to the defendants other than defendant Brown, Winston's claims against them are for "pain & suffering, criminal neg., violated 8th amendment, miscellan[e]ous offenses," and Winston makes additional claims against defendants Shambo and McCants for assault. (Id. at 5, 7). For relief, Winston requests $2 million and "for this to stop happ[en]ing to other inmates." (Id. at 8).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346,1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).

failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, the court treats as true factual allegations, but it does not treat as true

conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681, 129 S.Ct. at 1951. In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

### III. Discussion.

Winston's complaint is very brief, and the extent of his references to an injury is once to a "physical injury" and several times to "pain & suffering." However, he provides no facts to describe his injury and his pain and suffering.

Winston identifies himself as a pretrial detainee when this incident occurred, as he indicates that he was awaiting trial. (Doc. 1 at 6). Thus, 42 U.S.C. § 1997e(e) applies to this action. Section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e); see 42 U.S.C. § 1997e(h) (defining a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

Section 1997e(e) was enacted by Congress "[i]n an effort to stem the flood of prisoner lawsuits in federal court[.]" Harris v. Garner, 216 F.3d 970, 971 (11th Cir.), cert. denied, 532 U.S. 1065 (2001). This section is "[r]ead as a limitation on recovery only[.]" Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999) (finding that the Constitution does not "mandate[ ] a tort damages remedy for every claimed constitutional violation"), opinion vacated by 197 F.3d 1059, opinion reinstated in part by 216 F.3d 970 (11th Cir.

2000).  By enacting this section, Congress chose to "preclude[ ] some actions for money damages[,]" id. at 1283, and "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief[,]" id. at 1289, and nominal damages.  Brooks v. Warden, 800 F. 3d 1295, 1307-09 (11th Cir. 2015).

Section 1997e(e) applies "only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir.), cert. denied, 540 U.S. 1112 (2004).  All claims, including constitutional claims, are encompassed by the statute's clear and broad language, with no exceptions being provided.  Al-Amin v. Smith, 637 F.3d 1192, 1197 (11th Cir. 2011).  No distinction is made between "constitutional claims frequently accompanied by physical injury (e.g., Eighth Amendment violations) and those rarely accompanied by physical injury (e.g., First Amendment violations)[;]" all constitutional claims are treated equally.  Id.  "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002).

In the present action, Winston's alleged facts show that he was sprayed with pepper spray in his cell when he was face down on the floor with his hands above his head. (Doc. 1 at 4).  No facts are presented concerning any injury that he suffered in connection with this incident.  Winston only conclusorily mentions vague allegations of "assault, physical injury, physical force, pain & suffering," without providing specific facts describing an injury that resulted from the spraying incident.  Thus, Winston did not allege a plausible injury.  Cf. Twombly, 550 U.S. at 569, 127 S.Ct. at 1973 (holding enough facts must be pled to state a claim to relief that is plausible on its face so as to

nudge a claim "across the line from conceivable to plausible"); GeorgiaCarry.Org, Inc. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (holding a plausible claim requires "a plaintiff include factual allegations for each essential element of his or her claim"), cert. denied, 133 S.Ct. 856 (2013); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (holding vague and conclusory claims are subject to dismissal).

Because Winston does not identify a specific physical injury that he suffered, much less an injury that is greater than de minimis, this action comes within the scope of 42 U.S.C. § 1997e(e), which requires that in order to recover compensatory and punitive damages the prisoner must have sustained a physical injury greater than de minimis.  See Harris, 190 F.3d at 1286-87 (finding a "dry shave" did not constitute an injury that was more than de minimis); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (finding a bruised ear which lasted for three days was de minimis); Mobley v. Grasco, No. 5:11cv170/SPM/EMT, 2011 WL 3163159, at *2 (N.D. Fla. July 1, 2011) (unpublished) (finding the claim of "pain and suffering" did not allege an injury); Thompson v. Adamson, 247 F. App'x 178, 179-180 (11th Cir. 2007) (unpublished) (finding that suffering "pain, emotional distress, and mental anguish" did not constitute a physical injury);[3] Quilan v. Personal Trans. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) (unpublished) (finding an asthmatic plaintiff's compensatory and punitive damages requests for "temporary chest pain, headache, and difficulty breathing" due to a smoky smell that permeated the transportation van did not convey that he suffered an injury greater than de minimis); Thompson v. Quinn, No. 3:11cv533/RV/EMT, 2013 WL 2151715, at *12 (N.D. Fla. May 16, 2013) (unpublished) (finding that the inmate's

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

claims for the burning sensation on his body from being sprayed with a chemical agent for his kicking his cell door and yelling obscenities was not an injury that was greater than de minimis inasmuch as after he rinsed off, he presented no injuries requiring treatment, voiced no complaints in the medical examination, and did not use sick call for later developing problems); Robinson v. Tift, No. 3:11cv560, 2012 WL 2675467, at *2 (N.D. Fla. June 1, 2012) (unpublished) (finding that the chemical spray did not cause a physical injury that was greater than de minimis when plaintiff's eyes involuntarily closed, had a burning sensation, and sustained a temporary loss vision); Kornegay v. Burt, 2011 WL 839496, at (N.D. Fla. 2011) (finding the evidence was insubstantial for showing the plaintiff suffered an injury greater than de minimis after being sprayed with a chemical agent); Jennings v. Mitchell, 93 F. App'x 723, 725 (6th Cir. 2004) (unpublished) (finding that the inmate failed to allege more than de minimis injury for being sprayed with pepper spray after repeatedly disobeying a direct order as "he merely was uncomfortable in the ordinary fashion of persons exposed to pepper spray" and was at no time in respiratory distress).  Accordingly, Winston's allegations do not convey that he suffered a physical injury that is greater than de minimis.

    Turning to Winston's request for damages in the amount of  $2 million, this damages request is in the nature of a request for compensatory and punitive damages, because it is not a nominal amount.  See Carey v. Piphus, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1053-54, 55 L.Ed.2d 252 (1978) (holding nominal damages should not exceed one dollar); Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999) ("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Harrison v. Myers, CA No. 10-0566-KD-N, 2011 WL 3204372, at *7 (S.D. Ala. 2011) (unpublished) (finding the prisoner's request of

7

$2,500 was not for nominal damages inasmuch nominal damages implies a mere token or trifling); In re Bayside Prison Litigation, CA 09–2365(RBS/JS), 2010 WL 4916716, at *4 (D. N.J. 2010) (unpublished) (finding that "$2,000.00 surely surpasses the limit of what constitutes a 'minimal' amount of compensation by any definition of the term 'nominal'"); Ringgold v. Federal Bureau of Prisons, No. 07-2733, 2007 WL 2990690, at *5 & n.5 (D. N.J. 2007) (unpublished) (dismissing the complaint under § 1997e(e) because the alleged injury was de minimis and the plaintiff sought "compensatory damages 'in an amount not less than $2,000,000'. . . and expresse[d] no interest in nominal damages"); Qualls v. Santa Rosa County Jail, No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n.1 ( (N.D. Fla. Mar. 4, 2010) (unpublished) (dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"). Accordingly, the Court finds that Winston is barred by 42 U.S.C. § 1997e(e) from proceeding on his $2 million damages request due to the absence of a physical injury that is greater than de minimis.

In addition to his damages request, Winston requests "this to stop happ[en]ing to other inmates." (Doc. 1 at 8). This is a request for injunctive relief, which is not barred from proceeding by 42 U.S.C. § 1997e(e). Harris, 190 F.3d at 1283, 1289 (finding that even though Congress chose to "preclude[ ] some actions for money damages[,]" it also chose "to enforce prisoners' constitutional rights through suits for declaratory and injunctive relief"). Nonetheless, Winston's injunctive relief request must meet the requirements for injunctive relief in order to proceed. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (listing the criteria). However, a "generalized interest in deterrence . . . is insufficient for purposes of Article III." Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 109, 118 S.Ct. 1003, 1019, 140 L.Ed.2d 210 (1998).  That is, "a real and immediate threat of future harm" must be shown.  Elend v. Basham, 471 F.3d 1199, 1207 (11th Cir. 2006); see Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed.2d 675 (1983) ("The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a '"likelihood of substantial and immediate irreparable injury."'").

Applying these principles in prisoner context, "[p]ast exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief[.]"  Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985).  "Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."  Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.) (citing Wahl, supra,), cert. denied, 488 U.S. 1046 (1989); see Hathcock v. Cohen, 287 F.App'x 793, 799 (11th Cir. 2008) (unpublished) (same).

More to the point, and similar to Winston's situation, in Spears, an Alabama prison inmate complained about West Jefferson's administrative segregation's conditions of confinement.  After filing his complaint, the inmate was transferred from West Jefferson to another facility.  As a result, the inmate's claims for injunctive and declaratory relief were found to be moot because he was no longer subject to the conditions at West Jefferson about which he complained.  Id.

In the present action, Winston has been transferred away from BCSCC to St. Clair Correctional Facility.  This fact is dispositive of his request for injunctive relief because he has been transferred away from BCSCC's conditions and no allegations of ongoing or future conduct are alleged, just past conduct is described.  Thus, the

9

allegations fail to show imminent, irreparable harm if injunctive relief is not granted. Therefore, Winston has failed to state a claim for injunctive relief.

## IV. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) failure to state a claim upon which relief may be granted. See Harris, 216 F.3d at 985 (ruling a dismissal pursuant to 42 U.S.C.§ 1997e(e) is to be without prejudice).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c) . The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  25th  day of May, 2016.

/s/ Katherine P. Nelson
_____
UNITED STATES MAGISTRATE JUDGE